UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT FIELDS,

    Plaintiff,                                      Civil Action No. 16-CV-12517

vs.                                             HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR FURTHER PROCEEDINGS

This matter is presently before the Court on cross motions for summary judgment [docket entries 16 and 20]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying his application for Social Security disability insurance and Supplemental Security Income ("SSI") benefits. An Administrative Law Judge ("ALJ") held a hearing in April 2015 (Tr. 25-67) and issued a decision denying benefits in May 2015 (Tr. 9-24). This became defendant's final decision in June 2016 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

> must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper

> legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609 F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

At the time of his April 2015 hearing, plaintiff was 57 years old (Tr. 30). He has a high school education and some college (Tr. 30) and work experience as a customer service clerk for a newspaper (Tr. 34, 201). Plaintiff claims he has been disabled since August 2013 due to having HIV, Hepatitis B, hypertension, medication side effects, anxiety, depression, chronic fatigue, wasting, rashes, hearing loss, recurrent upper respiratory infections, chronic acute sinusitis, lightheadedness, dehydration, and status post hernia (Tr. 27, 200-01).

The ALJ found that plaintiff's severe impairments are "HIV, hypertension and adjustment disorder" (Tr. 14). He found that despite these impairments plaintiff has the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels but with the following nonexertional limitations: limited to simple, routine tasks, low stress and few changes in the work setting; avoid concentrated exposure to moving machinery and unprotected heights; located

reasonably close to bathroom; no climbing ladders but occasional ramps and stairs" (Tr. 16). A vocational expert ("VE") testified in response to a hypothetical question that a person of plaintiff's age, education, and work experience, and who has this RFC, could perform various unskilled medium-level[1] jobs such as dining room attendant, assembler, and packer (Tr. 61-62). The ALJ cited this testimony as evidence that work exists in significant numbers that plaintiff could perform and concluded that he is not disabled (Tr. 21).

Having reviewed the administrative record and the parties' briefs, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence because his RFC evaluation of plaintiff is flawed. Since the hypothetical question incorporated this flawed RFC evaluation, it failed to describe plaintiff in all relevant respects and the VE's testimony given in response thereto cannot be used to carry defendant's burden to prove the existence of a significant number of jobs plaintiff is capable of performing.

Plaintiff's RFC evaluation is flawed for the following reasons. First, the ALJ failed to consider the side effects of plaintiff's medications. The record indicates that plaintiff takes, or at various times has taken, Efavirenz-Emtrictabine-Tenofovir (Atripla), Stribild, Amlodipine (Norvasc), Clonidine (Catapres), Hydrazaline (Apresoline), Atenolol-Chlorthalidone (Tenoretic), Lisinopril, Benazepril, Atenolol, Hydrochlorothiazide, and Sulfamethoxazole-Trimethoprim (Bactrim) (Tr. 47, 203, 244, 247, 251, 273, 279, 287, 312). At the hearing he testified that his

---

[1] Defendant's regulations define medium-level work as involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c). Light work, in turn, encompasses jobs that require "a good deal of walking or standing, or [those] involv[ing] sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

medications cause him to have "cloudy thinking" and to feel unfocused, interfere with his concentration, and cause urinary frequency (Tr. 51, 57). Plaintiff also testified to feeling extreme fatigue (Tr. 32, 36, 41, 51-53, 56). On his function report plaintiff indicated that he is "often light-headed or fuzzy thinking almost dizzy-like"; that his "meds keep me getting up to use bathroom"; that he is "often fatigued"; and that he "often falls asleep from fatigue" (Tr. 216, 220, 223). He also reported medication side effects of nightmares, "bloat stomach," and dehydration (Tr. 223).

The ALJ's failure to make any findings as to this issue is an error requiring remand, as the Sixth Circuit has held that the ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which side effects impair a claimant's capacity to work. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)). Further, hypothetical questions to vocational experts must account for medication side effects. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009). On remand, the ALJ must determine which medications plaintiff was taking during the relevant time period; make findings as to the nature and severity of these medications' side effects, if any; adjust his findings as appropriate regarding plaintiff's RFC; and incorporate these findings in proper hypothetical questions to the VE.

Second, the RFC evaluation in this matter is flawed because the ALJ did not adequately explain why he discounted plaintiff's credibility. In addition to testifying about his medication side effects, plaintiff testified that while he has no difficulty sitting, he can stand for only five minutes or walk for 10-15 minutes before becoming exhausted/fatigued and having to rest, and that he can lift at most 20 pounds (Tr. 52-53). Plaintiff also testified that due to fatigue he must nap for 5-10 minutes up to five times per day (Tr. 56-57). If plaintiff's testimony regarding his standing,

walking, and lifting abilities is credited, he would not have the RFC to do the medium-level jobs identified by the VE (Tr. 61-62), which the ALJ cited as jobs plaintiff could perform (Tr. 21); and if plaintiff's testimony regarding his need to nap frequently due to fatigue is credited, he would not be able to work at all, according to the VE (Tr. 64).[2]

The ALJ is not required to accept a claimant's testimony, but if he rejects testimony on credibility grounds, he must state his reasons for doing so and the reasons must be supported by substantial evidence. As the Sixth Circuit has explained,

> the ALJ is not free to make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility." Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4. Rather, such determinations must find support in the record. Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints "based on a consideration of the entire case record." The entire case record includes any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record. Consistency of the various pieces of information contained in the record should be scrutinized. Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect.
>
> Social Security Ruling 96-7p also requires the ALJ explain his credibility determinations in his decision such that it "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." In other words, blanket assertions that the claimant is not believable will not

---

[2] The Court notes that the record contains a number of references to plaintiff's fatigue and shortness of breath. *See, e.g.,* Tr. 279-80, 288-89, 294-96, 310. The ALJ made no findings as to these symptoms. On remand, he must do so and incorporate such findings in his RFC evaluation of plaintiff and in his hypothetical question(s) to the VE.

> pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence. And given the nature of fibromyalgia, where subjective pain complaints play an important role in the diagnosis and treatment of the condition, providing justification for discounting a claimant's statements is particularly important. *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir.1985).

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247-48 (6th Cir. 2007) (footnote omitted).

On remand, the ALJ must reevaluate plaintiff's credibility. It simply does not suffice for the ALJ to assert, without any elaboration or citation to the record, that plaintiff's testimony and other statements "are found to be exaggerated and inconsistent with the other evidence, including the clinical and objective findings of record and are not a sound basis for decision-making" (Tr. 18) or that "[t]he claimant's testimony is not well supported by the objective medical evidence in the record and therefore not entitled to controlling weight" (Tr. 19). A boilerplate credibility determination of this nature is not "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers, supra.* Nor are such statements regarding plaintiff's credibility sufficiently specific to show that the ALJ reviewed the entire record and tailored his findings to the facts of this particular case. The ALJ asserted that "[t]hese facts in the record do not dispute that the claimant has conditions, which singly or in combination, may cause pain" (Tr. 18), although plaintiff does not claim to have any pain at all, but entirely different subjective symptoms, including fatigue, shortness of breath, and difficulty concentrating. On remand, if the ALJ again decides to reject plaintiff's testimony or any portion thereof, he must provide a reasoned explanation for doing so and support his reasons with specific record citations. To the extent the ALJ decides to credit plaintiff's testimony, he must revise his RFC evaluation and his hypothetical questions to the VE accordingly.

Finally, the RFC evaluation in this matter is flawed because the ALJ failed to explain sufficiently why he disregarded the opinions of one of plaintiff's treating physicians. As the Sixth Circuit has explained,

> [i]n assessing the medical evidence supplied in support of a claim, there are certain governing standards to which an ALJ must adhere. Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule. *See* Soc. Sec. Rul. 96–2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004). Because treating physicians are "the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone," their opinions are generally accorded more weight than those of non-treating physicians. 20 C.F.R. § 416.927(d)(2). Therefore, if the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Wilson*, 378 F.3d at 544. When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id*. However, in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding. Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4 ("In many cases, a treating physician's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.").

*Rogers*, 486 F.3d at 242 (footnote omitted). *See also Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).

In the present case, the ALJ disregarded the treating physician rule in considering the opinions of Dr. Andrew Truccone. In a mental RFC questionnaire dated March 19, 2015, Dr.

7

Truccone indicated, among other things, that plaintiff is "seriously limited" in his ability to maintain attention, to complete a normal workday without interruptions from psychologically based symptoms, and to perform without "an unreasonable number and length of rest periods" (Tr. 349). Dr. Truccone also indicated that plaintiff would be absent from work "[a]bout three days per month" due to his impairments or treatment (Tr. 350). The ALJ gave this assessment "little weight as it is based on a single encounter with the claimant" (Tr. 18). This is not a sufficient basis for disregarding Dr. Truccone's questionnaire answers, as the length of the treating relationship is only one of the factors the ALJ may consider in deciding the weight he will give to a treating physician's opinion. Moreover, Dr. Truccone indicated he based his opinions not only on his own evaluation but also on "past medical records" (Tr. 338). On remand, the ALJ must reassess Dr. Truccone's opinions in compliance with the treating physician rule and, as necessary, revise plaintiff's RFC evaluation and the hypothetical question(s) to the VE.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to address the deficiencies noted above. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings as specified above. This is a sentence four remand under § 405(g).

Dated: March 30, 2017
      Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF system to their respective email or First Class U. S. Mail addresses disclosed on the Notice of Electronic Filing on March 30, 2017.

Teresa A. McGovern
Case Manager Generalist